UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 3:21-CR-90 JD

LEONTIS CORNELIUS

**OPINION AND ORDER**

On January 15, 2025, the Court ruled on the parties' objections to the Presentence Report. (Op. & Order, DE 159.) Among its rulings, the Court found that 4 levels should be added to Mr. Cornelius's base offense level under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm "in connection with another felony offense," that is, "Criminal Recklessness (shooting back at the vehicle while it drove away in a residential area)." (*Id*. at 7.) On February 24, 2025, Mr. Cornelius submitted his sentencing memorandum in which he "renews his prior objections," arguing that the 4-level enhancement under 2§ K2.1(b)(6)(B) is unlawful under *Erlinger v. United States*, 602 U.S. 821 (2024), because "it seeks to enhance [Mr. Cornelius's] sentence on the basis of elements and an offense which have not been found by a jury." (Def.'s Sent. Memo., DE 165 at 3–4.)

Mr. Cornelius's renewed objection lacks merit and demonstrates his misunderstanding of *Erlinger*. Neither *Erlinger* nor the cases preceding it—*Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013)—concern guidelines enhancements that fall within the statutory sentencing range. *See e.g.*, *Talbott v. Indiana*, 226 F.3d 866, 869 (7th Cir. 2000) ("When a drug dealer is sentenced to less than [the statutory maximum] *Apprendi* is irrelevant."); *United States v. Moneyham*, 569 F. App'x 452, 454 (7th Cir. 2014) ("Both counsel and Moneyham consider whether he could challenge his sentence under *Alleyne* because the

district court counted the uncharged heroin sales as relevant conduct under the guidelines. Any such challenge would be frivolous because *Alleyne* does not apply when a judge finds facts to increase the advisory guidelines range rather than the mandatory statutory maximum or minimum."). In fact, the very language cited by Mr. Cornelius from *Erlinger* establishes that it extends only to sentences that exceed the maximum penalty authorized by statute and penalties that increase a defendant's statutory minimum punishment:

> . . . Only a jury may find "facts that increase the prescribed range of penalties to which a criminal defendant is exposed."
>
> It is a principle we have since reiterated in response to a variety of other recent sentencing innovations. And it is a principle, we have observed, that does not just apply when a judge seeks to issue a sentence that exceeds the maximum penalty authorized by a jury's findings (or a guilty plea). It is a principle that also applies when a judge seeks to increase a defendant's minimum punishment. Alleyne illustrates the point. There, we confronted a case in which a jury had convicted the defendant of a crime that usually carried a sentence of between five years and life in prison. But a separate statutory "sentencing enhancement" ostensibly allowed the judge to transform that 5-year minimum sentence into a 7-year minimum sentence if he found a certain additional fact by a preponderance of the evidence. That innovation, too, the Court held, improperly invaded the jury's province because "[a] fact that increases" a defendant's exposure to punishment, whether by triggering a higher maximum or minimum sentence, must "be submitted to a jury" and found unanimously and beyond a reasonable doubt.

*Erlinger*, 602 U.S. at 833 (citations omitted). Thus, *Erlinger* has no application to the Court finding that 4 levels should be added to Mr. Cornelius's base offense level under § 2K2.1(b)(6)(B) for possessing a firearm "in connection with another felony offense." This enhancement neither increases Mr. Cornelius's minimum sentence nor exceeds his maximum sentence, nullifying Mr. Cornelius's argument.

As a result, the Court OVERRULES Mr. Cornelius's renewed objection to the PSR (DE 165).

SO ORDERED.

ENTERED: February 25, 2025

                                                   /s/ JON E. DEGUILIO  
                                                   Judge  
                                                   United States District Court